UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Johnel A. Love,

      Plaintiff,

    v.                                                                Case No. 1:15cv408

Commissioner of Social Security                      Judge Michael R. Barrett

      Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's May 31, 2016 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court.  (Doc. 16).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).  Plaintiff filed objections to the Magistrate Judge's R&R.  (Doc. 21).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except as necessary to respond to Plaintiff's objections.

### A. Dr. Shapiro

Plaintiff argues that the ALJ erred by assigning limited weight to the opinion of Plaintiff's treating physician, Dr. Shapiro. The Magistrate Judge addressed this same argument in great detail and the Court finds no error in the Magistrate Judge's conclusion that the ALJ properly interpreted Dr. Shapiro's opinion.

> As the Sixth Circuit has explained:
>
> In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. *See* Soc. Sec. Rul. 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Because treating physicians are "the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone," their opinions are generally accorded more weight than those of non-treating physicians. 20 C.F.R. § 416.927(d)(2). Therefore, if the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id*.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (footnote omitted).

Here, the ALJ found that Dr. Shapiro's opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques and was inconsistent with other substantial evidence in the record. The ALJ made this finding, in part, because Dr. Shapiro's functional assessment was produced almost two years after Plaintiff's date last insured ("DLI"). (Tr. 23). To obtain disability benefits, Plaintiff must establish that the "onset of disability" was

2

prior to the date his insurance status expired, or the DLI. 42 U.S.C. §§ 423(a), (c), (d)(l)(A); *See Smilh v. Comm'r of Soc. Sec.,* 202 F.3d 270 (6th Cir.1999) (citing *Moon v. Sullivan,* 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988)). The assessment specifically considered impairments, such as a shoulder injury, which occurred in 2013 – after the DLI. (Tr. 23).

The ALJ further cited the inclusion of specific clinical findings in Dr. Shapiro's assessment, which were not documented in his treatment notes at the time. For example, findings of crepitus, weakness, motor loss and reduced grip strength were included in Dr. Shapiro's assessment, but were not included in his treatment notes at the time. (Tr. 23-24). The ALJ also found that Dr. Shapiro's functional assessment relied in part on Plaintiff's self-reporting, and was at least partially inconsistent with Plaintiff's statements prior to the expiration of his DLI that pain medication improved his daily functioning. (Tr. 24). In the same vein, the ALJ found that Dr. Shapiro's assessment was not supported by objective evidence. In considering all of the above, the ALJ properly concluded that Dr. Shapiro's opinion was not entitled to controlling weight.

Then, in coming to the conclusion that Dr. Shapiro's opinion should be given "little weight," the ALJ considered, among other things, the length and frequency of Dr. Shapiro's treatment relationship, the limited treatment provided and the supportability and consistency of his opinions. Despite disagreeing with the ALJ's reasoning in a couple of respects, the Magistrate Judge found that the ALJ's consideration of the other regulatory factors constituted substantial evidence. As the Magistrate Judge explained, substantial evidence consists of "more than a scintilla of evidence but less than a preponderance…" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Upon review, the undersigned agrees with the Magistrate Judge that the ALJ discounted Dr. Shapiro's opinion after properly considering the factors outlined in 20 C.F.R.

3

§ 404.1527. Accordingly, Plaintiff's objections on this point are OVERRULED.

### B. Credibility

Plaintiff argues that the ALJ erred in discounting Plaintiff's credibility. Specifically, Plaintiff argues that his conservative treatment regimen was a product of the Bureau of Worker's Compensation not approving additional treatment.

The record is clear, however, that Plaintiff's conservative treatment regimen was one of many reasons the ALJ found his testimony not entirely credible. For example, the ALJ also found that Plaintiff's testimony regarding the degree of his pain was not consistent with the medical record, and that Plaintiff's testimony was discounted as to the severity of his symptoms based on noncompliance with Dr. Shapiro's orders and the pain management agreement. (Tr. 20-24). As such, the Court concludes that the Magistrate Judge did not err in finding that substantial evidence supported the ALJ's credibility determination. Therefore, Plaintiff's objections on this point are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's May 31, 2016 R&R. (Doc. 16). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                          s/*Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court